IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KATHLEEN ANN BLANC, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 4:08-540-EJL |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JEROME COUNTY; BRIAN | ) | |
| UNDERWOOD, Warden of | ) | |
| Pocatello Women's Correctional Center, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Kathleen Ann Blanc (Petitioner) is an Idaho state inmate held at the Pocatello Women's Correctional Center in the custody of Warden Brian Underwood. Though Petitioner originally named Jerome County as respondent in this habeas corpus matter, and the state attorney general has responded on behalf of Jerome County, the proper respondent is Petitioner's current custodian, and, therefore, the Court has added Brian Underwood as a respondent. Pending before the Court are various motions ripe for adjudication. Having reviewed the motions and responses, the Court concludes that oral argument is unnecessary and would serve to further delay adjudication of this case. Accordingly, having reviewed the record, including the state court record, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER  1**

## PRELIMINARY MOTIONS

Petitioner has filed a Motion for Leave to File a Nonconforming Brief. (Docket No. 22.) She requests leave to file a handwritten brief. Good cause appearing, the request shall be granted.

Petitioner has also filed a Motion for Evidentiary Hearing and Emergency Injunction (Docket No. 20.) Petitioner alleges that she is suffering from retaliatory actions of prison staff, and that she has been unable to schedule hearings or have copies made. In this action, Petitioner has succeeded in filing numerous documents consisting of many pages, and the Court has not scheduled any hearings. Therefore, the alleged retaliatory actions have not affected this action, and no remedy is required in this case. Petitioner may wish to pursue these claims in a civil rights action.

Petitioner also requests that she be permitted to present discovery documents to this Court. Discovery is permitted in habeas corpus actions in only limited circumstances. If the Court were to determine that discovery or an evidentiary hearing is warranted, the Court would issue an order permitting discovery in a limited fashion. At this time, discovery is not warranted.

Petitioner also requests that the Court issue an emergency injunction permitting her to visit with her child, who is two years old. Such a request has no place in a habeas corpus action. Rather, habeas corpus jurisdiction is exclusively for the purpose of reviewing claims that one's state custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

MEMORANDUM DECISION AND ORDER  2

In addition, the United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Accordingly, Petitioner must address her visitation issues with prison officials through the prison's administrative grievance procedures. There being no adequate factual or legal basis for her request for an evidentiary hearing or an emergency injunction, Petitioner's requests shall be denied.

Petitioner has filed a Motion for Appointment of Counsel. (Docket No. 21.) There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in her case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate the claims in light of the complexity of the legal issues and the likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner alleges that her case is complex and that she is not being afforded liberal construction of her filings. To the contrary, the Court has construed Petitioner's filings very liberally, and has afforded her numerous opportunities to present her case. Currently

MEMORANDUM DECISION AND ORDER  3

at issue is whether Petitioner's claims arising from her conviction are untimely and whether claims arising from her probation revocation are unexhausted. Having reviewed the record, the Court concludes that appointment of counsel would not substantially aid the Court in determining the issues at hand. Therefore, the Court will not appoint counsel at this time.

## RESPONDENTS' MOTION TO DISMISS

In her Habeas Corpus Petition, Petitioner has challenged her guilty plea and conviction, as well as her probation violation and revocation. Respondent requests dismissal with prejudice of the claims that arise from her guilty plea and conviction on statute of limitations grounds, and dismissal without prejudice of the claims that arise from her probation revocation on grounds that her claims are unexhausted.

**A.     Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

**MEMORANDUM DECISION AND ORDER  4**

doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

**B.     Claims Arising From Conviction**

    1.     <u>Standard of Law–Statute of Limitations</u>

The current Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996. Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common triggering event occurs on the date upon which the judgment became final, either after direct appeal or after the time for seeking an appeal has expired. § 2244(d)(1)(A).

The Court assumes that each claim has its own statute of limitations beginning date, depending on the triggering event specified in 28 U.S.C. § 2244(d)(1)(A)-(D), based on the United States Supreme Court's suggestion in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the statute of limitations applies on a claim-by-claim basis:

> Section 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Id*. at 416 n.6.[2]

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

2. Facts

Petitioner was originally charged with lewd and lascivious conduct, but she pled guilty to the offense of felony injury to child, under a plea agreement with the advice of counsel Luverne Shull on September 16, 2003. (State's Lodging A-1, pp. 61-65.) Petitioner later asserted that her counsel did not adequately advise her, and Petitioner sought to withdraw her guilty plea. Petitioner was appointed new counsel, Rockne Lammers, and her motion was denied by Judge Barry Wood after an evidentiary hearing. (*Id*., pp. 71-90.)

Petitioner was sentenced to two years fixed with eight indeterminate, but Judge Wood retained jurisdiction and placed Petitioner on a 180-day review period. (*Id*., pp. 98-108.) The judgment of conviction was entered on February 10, 2004. (*Id*., pp. 98-105.) Petitioner did not file an appeal from the judgment of conviction.

After a review hearing (State's Lodging A-2, pp. 54-96), Judge Wood retained jurisdiction a second time. (State's Lodging A-1, pp. 134-39.) On January 25, 2005, Judge Wood entered an order placing Petitioner on probation for five years. (*Id*., pp. 145-55.)

---

[2] *Accord*, *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (statute of limitations applies on a "claim-by-claim basis"); *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) (same); *but see Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) ("[t]he statute of limitations in § 2244 (d)(1) applies to the application as a whole; the individual claims within an application cannot be reviewed separately for timeliness").

**MEMORANDUM DECISION AND ORDER  6**

On October 6, 2006, a motion to revoke Petitioner's probation was filed. (*Id*., p. 160.) Petitioner's probation was revoked by order of December 20, 2006. Plaintiff filed a notice of appeal, and pursued an appeal of the order revoking probation and reinstating the previously suspended sentence.[3] On February 28, 2008, the Idaho Court of Appeals affirmed. (State's Lodging B-4.) Both parties filed petitions for review with the Idaho Supreme Court regarding the jurisdictional basis of the second period of retained jurisdiction. On September 9, 2008, the opinion of Idaho Court of Appeals was withdrawn as a consequence of the Idaho Supreme Court dismissing the entire petition as moot, pursuant to Petitioner's motion to dismiss. (State's Lodging B-19.)

Petitioner filed a post-conviction relief petition on April 10, 2007, challenging her underlying guilty plea and sentence but conceding in an accompanying letter that her petition was untimely. (State's Lodging C-1, pp. 1 & 10.) The petition was dismissed. (*Id*., pp. 29-30.) Petitioner filed a notice of appeal. (*Id*., pp. 32-35.) She also filed a second post-conviction petition raising ineffective assistance of counsel claims stemming from the probation violation and revocation proceedings. The Court of Appeals remanded the appeal for a determination of whether the second petition was an amended petition or a successive petition. (State's Lodging D-6.) On August 23, 2008, the district court determined that it was an amended petition, reaffirmed the dismissal of the claims in the first petition, but stayed the case pending the outcome of the initial appeal from the probation revocation (at that point, the appeal mentioned above was still pending before the Idaho Supreme Court). (State's Lodging C-2, pp. 42-46.) On February 23, 2009, the district court, having lifted the stay, dismissed the post-conviction relief petition. (State's

---

[3] In Idaho, when an original sentence has been reinstated after probation revocation and the defendant appeals, the state appellate courts "look to the entire record encompassing events before and after the original judgment" to review whether reinstatement was reasonable. *State v. Martin*, 835 P.2d 658, 660 (Idaho Ct. App. 1992). *See* I.C. § 20-222 & I.C.R. 35 (after revocation, the court may order the suspended sentence to be executed or may reduce the sentence).

**MEMORANDUM DECISION AND ORDER  7**

Lodging C-2, p. 213.)   Petitioner filed a notice appeal, appellate counsel was appointed, and the case remains pending on appeal.  (State's Lodging F-1.)

     3.     <u>Discussion</u>

The initial question on a statute of limitations inquiry is when the judgment became final.  Petitioner pled guilty on September 16, 2003.  She moved to withdraw the guilty plea on October 28, 2003.  (A-1, p. 71.)  The motion to withdraw the guilty plea was denied on December 5, 2003.  (*Id*., p. 90.)  Petitioner's original judgment of conviction was entered on February 10, 2004, and the order granting five years' probation was entered on January 25, 2005.

Petitioner did not appeal from the judgment.  Respondent has calculated the federal habeas corpus statute of limitations date from the latest of these two events, January 25, 2005.  Under Idaho statute, a person has 42 days to file an appeal.  I.A.R. 14(a).  As a result, the conviction became final 42 days after January 25, 2005, with the judgment becoming final on March 8, 2005.  As a result, Petitioner had until March 8, 2006, in which to file either a federal habeas corpus petition or a state court action that would toll the one-year federal statute.

Petitioner filed a state post-conviction challenge to her underlying guilty plea and sentence on April 10, 2007, which was nearly one year too late to toll the statute.  *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  All of Petitioner's other filings, beginning in 2006, challenged the probation violation, revocation of probation, and the propriety of imposing the original sentence after probation; these filings challenge a different judgment and cannot serve to toll the statute on claims arising from the original judgment.

Other courts have held that the original conviction cannot be challenged as a result of a later probation revocation.  *See Hathcock v. McDonough*, 2008 WL 2814868, at *5 (S.D. Fla. 2008) ("subsequent probation revocation does not resurrect, toll or otherwise extend the one year limitation period as to the challenge to [the] underlying conviction and

**MEMORANDUM DECISION AND ORDER  8**

term of probation"); *Dones v. Dretke*, 2006 WL 1294077, at *4 (N.D. Tex. 2006) ("It is unsurprising that Petitioner took no action to raise the claims related to his underlying guilty plea and the conditions of his probation prior to the revocation of his deferred adjudication probation. By any standard he had obtained a very favorable disposition of the criminal charge.").

Petitioner's claims regarding her guilty plea and conviction must be dismissed unless she can show that equitable tolling should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418. In order to qualify for equitable tolling a circumstance must have *caused* a petitioner to be unable to file her federal petition in time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, no. 3 (9th Cir. 1999).

Respondent adequately informed Petitioner of the standards of law governing equitable tolling and her burden of coming forward with facts supporting an equitable tolling argument in response to the motion to dismiss. (Docket No. 18-1, pp. 11-12.) Petitioner argues that she "was denied meaningful access to the courts and was frustrated by the courts," and that she was "denied documents," but has failed to provide any specific facts, including times frames, to show that an extraordinary circumstances stood in the way of her filing a federal habeas corpus petition in time. (Response, p. 3, Docket No. 23.) In fact, during the time period the federal statute of limitation was running (March 8, 2005 through March 8, 2006), Petitioner was not in custody. The order granting probation was entered on January 25, 2005, and the motion to revoke Petitioner's probation was not filed until October 6, 2006. Petitioner has not met her burden to show that she should be excused from failure to file her federal petition in time, and, from its own review of the record, the Court sees no factual grounds that would support equitable tolling.

**MEMORANDUM DECISION AND ORDER  9**

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations"). *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists. *Id*. at 777-78.

Here, the record does not support a claim of actual innocence. While after Petitioner entered a guilty plea she professed her innocence, the record reflects sufficient evidence supporting the guilty plea. Descriptions of the incidents that are the basis of the crime are found in the presentence report and were supported by affidavit; in addition, Petitioner pled guilty after the factual basis of the crime was stated in open court. (See State's Lodging A-3, p. 2; State's Lodging A-1, p. 9-10 & 63.)

As a result of all of the foregoing, the Court concludes that Petitioner's claims arising from her guilty plea and conviction are subject to dismissal with prejudice.

**C.    Claims Arising from Parole Revocation**

Habeas corpus law requires that a petitioner "exhaust" his or her state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted all state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it may, in its discretion, deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner's claims regarding her probation revocation are still pending in the Idaho appellate courts. Therefore, they are subject to dismissal for nonexhaustion and must be brought in a new habeas corpus petition if relief is not granted in the state appellate courts.

**D.    Petitioner's Motion to Stay**

Petitioner seeks a stay of this action while she exhausts her claims in state court. In order for a petition to qualify for a stay, it must contain at least some fully exhausted claims. Here, Petitioner's claims arising from her conviction and original sentence are untimely and must be dismissed. Because the remainder are unexhausted, the Petition cannot be stayed. *See Rhines v. Weber*, 544 U.S. 269 (2005). In addition, Petitioner now seeks voluntary dismissal, and thus the stay request is moot. Petitioner may file a new federal petition if she is not granted relief in her state court appeal.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION
## FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.[4]

---

[4] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, provides as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**MEMORANDUM DECISION AND ORDER 11**

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed Petitioner's claims on procedural grounds. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If she wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Respondent's Motion to Dismiss (Docket No. 18) is GRANTED. Petitioner's claims arising from her guilty plea and conviction are DISMISSED **with** prejudice; Petitioner's claims arising from her probation revocation are DISMISSED **without** prejudice.

B. Petitioner's Motion for Evidentiary Hearing and Emergency Injunction (Docket No. 20) is DENIED.

C. Petitioner's Motion for Appointment of Counsel (Docket No. 21) is DENIED.

D. Petitioner's Motion for Leave to File a Nonconforming Brief (Docket No. 22) is GRANTED.

E. Petitioner's Motion for Stay (Docket No. 29) is DENIED as MOOT.

F. Petitioner's Motion to Voluntary Dismiss (Docket NO. 32) is GRANTED as to the unexhausted claims and DENIED as MOOT to the claims barred by the statute of limitations.

DATED: **February 24, 2010**

~~Honorab~~le Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER  14**